(No. 3401—

FRED G. HALL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

C. C. CRAIG, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claim was filed on the 31st day of July, 1939, but the record was not completed until the 24th day of February, 1943. Claimant seeks an award of $4,500.00 for injuries sustained while a member and officer of the National Guard of Illinois. The record consists of the complaint, report of the Adjutant General, transcript of the evidence and abstract thereof, statement, brief and argument on behalf of claimant, and argument on behalf of respondent.

The record discloses that claimant was a practicing physician and surgeon since 1899 and was a member of the National Guard of the State of Illinois since 1924. On December 7, 1936, he held the rank of Major, was Commanding Officer of the Medical Detachment of the 123rd Field Artillery of the National Guard. On that date, under orders from the commander in chief (Special Order 247, dated December 4, 1936), an inspection of the Medical Detachment was held, and while accompanying the Colonel commanding the regiment as inspecting officer and his staff from the Armory at Galesburg, Illinois, where the inspection was held, claimant slipped and fell on an icy sidewalk in front of the Armory sustaining an injury to his right arm. The ulna was fractured and the wrist was dislocated.

That in accordance with the provisions of Paragraph 10, Article 16, Military and Naval Code (Section 142, Chapter 129, Revised Statute), and under orders from the commanding officer of said regiment, a board of officers convened on December 13, 1936, made a physical examination of claimant, took evidence and sworn statements of the facts surrounding said injury and made the following finding:

"To the Adjutant General, Chief of Staff, Springfield, Illinois

In compliance with S. O. No. 70, Military and Naval Department, State of Illinois, a board of medical officers convened at 180 North Michigan Avenue, Chicago, Illinois, April 1, 1937, all members of the board being present.

The board proceeded to make a physical examination of Major Fred G. Hall, Medical Corps, 123rd Field Artillery, with special references to a per-

sonal injury, incurred in line of duty in the military service of the state. The examination included an x-ray taken under the direction of the board.

*Findings* of the board were as follows—

1. *Date of authorized* instruction was December 7, 1936.

2. *Date injury was suffered* was December 7, 1936.

3. *Place of injury* was vicinity of the Armory of 123rd Feld Artillery, Galesburg, Illinois.

4. *Attending circumstances* were: The officer had accompanied the regimental commander to his car, after an inspection. While returning to the armory he slipped on the icy walk, and fell.

5. *Diagnosis:* Fracture, simple, comminuted, impacted, distal end of the right ulna, with dorsal dislocation of the wrist, also lateral dislocation. Healing in bad position, with considerable bony callus formation.

6. *Line-of-Duty:* The board concurred in previous finding of the regimental board, that injury was incurred in line-of-duty.

7. *Place of treatment* was (1) Cottage Hospital, Galesburg, Illinois—one day only. (2) Office of attending surgeon, Dr. A. R. Mailer, Galesburg, Illinois. (3) Veteran's Administration, Hines, Illinois.

8. *Present Status:* The officer has obtained a poor result—definitely shown by x-ray taken at this date (April 1, 1937). While there has been some restoration of function under physiotherapy it is not believed that there will ever be full restoration. It is impossible to say just what the degree of permanent disability will be. At this time the board estimates his partial disability to be 50%,—this in view of the fact that he is right-handed, and the nature of his occupation. Competent physiotherapy will reduce this figure to some extent, but not completely.

*Recommendations* of the board were as follows—

1. The board recommends that the bill of the Cottage Hospital, Galesburg, Illinois, be paid, if in accordance with the Fee Table of the Military and Naval Department.

2. Tha the bill of the attending surgeon, Dr. A. R. Mailer, be paid, if in accordance with Fee Table.

3. That the officer concerned receive pay in accordance with the Military and Naval Code, State of Illinois, for a period of four months from date of injury.

ARTHUR E. LORD, *Col. Med Corps*
(President)

JAMES T. CASE, *Lt. Col., Med. Corps*
(Member)
BENEDICT ARON, *Major, Med. Corps*
(Recorder)

Considerable medical testimony has been offered in behalf of claimant, most of which supports the finding of the medical board above referred to.

It is apparent from the record that a claim under the provisions of the Military and Naval Code (Ch. 129, Sec. 143, Smith-Hurd Ill. Rev. Stat.) is proper. Such section reads as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand."

Whatever right to an award exists in favor of claimant is by virtue of the aforesaid provisions of the Military and Naval Code of Illinois. No hard and fast rule exists for determining what amount should be allowed. In certain of these cases this court has seen fit to take as a guide, but not as a fixed rule, the provisions of the Illinois Workmen's Compensation Act, in determining what payment would be reasonable for the loss sustained. Section 8 (E) of that Act as amended to July 1, 1937 provides for the loss of an arm or the permanent and complete loss of its use, fifty percentum of the average weekly wage during 225 weeks.

Again guided by the rule in compensation cases the claimant's compensation rate would be Fifteen ($15.00) Dollars per week.

If the claimant had been an employee of the State, and had suffered the injuries complained of while so employed no award in excess of $3,600.00 would have been allowed if the arm was completely and totally disabled.

Considering what would be a proper award in this case had the claimant been an actual employee of the state and this court electing to follow the provisions of the Workmen's Compensation Act and in accordance with the finding of the military board, finds the claimant is entitled to have and receive the sum of $1,800.00, representing 50% permanent loss of use of his right arm.

An award is hereby entered in favor of claimant in the sum of $1,800.00 all of which has accrued and is payable in a lump sum.